Brady, J.
The question of the validity of the assessment, to which these proceedings relate is not involved on this appeal. It appears from the record that the attorney for the petitioners included in each petition only the name or names of the proper legal parties as in an action and served separate petitions for each separate property owner; that *105 about January, 1810, he had occasion to bring proceedings for a large number of different owners of property affected by different assessments, and that about the same time a. large number of petitions with the name of a single owner in each petition, were served; and that a day or two after the service of these petitions he was spoken to by some of the gentlemen in the office of the counsel to the corporation, by Mr. Porker, among others, and by them was asked if he would not accommodate the office by including, in one petition, as many different parties affected by one assessment as possible.
This request seems to be founded upon the statement that the service of separate petitions caused a great deal of extra work, and that a favor would be conferred upon the office of the counsel to the corporation by acceding to the-request made.
This arrangement was carried out and a petition served' containing the names of several persons owning severally different lots of land affected by the assessment in question, and alleging common grounds for relief against the several, assessments imposed upon the several lots of the different-petitioners named.
It also appears that under this practice it was customary to make separate proofs of title of each lot owner included in the petition, together with a single proof of the illegality of the assessment complained of, and thereupon to enter an order in the name of all the petitioners connected with it or of the different owners separately, as convenience required. And it also appears that it would now be impossible for the petitioners to serve separate petitions, by reason of various-statutes enacted since the proceeding was commenced.
Upon the hearing herein, which appears to have been brought on upon the 8th of December, 1885, Mr. Sterling, who appeared for the city, objected to the taking of testimony for two reasons: First, because the petitioners were guilty of loches; and second, because evidence taken in the petition of Edward J. King was not evidence in any way affecting the others, improperly joined with said King as petitioners, said joinder being illegal.
It appears, however, that the motion which eventuated in the order appealed from was noticed in October, 1885, and, according to the record, brought on and decided on the 14th of December, 1885, which was subsequent to the hearing, as will have been noticed. The objection was in contravention of the agreement made with the corporation counsel, by which the proceedings were united and united at his request, and the appeal, upon the facts developed, is, therefore, analogous to the Matter of Mehrbach (97 N. Y.,. *106 601), and upon which the learned justice in the court below based his decision. In that case there was a delay of several years, and it also appeared, as in this, that, after the commencement of the proceedings, some of the assessments were paid.
The serious objection to maintaining this order appears to be that if the city was required to pay back the assessments and the interest, the petitioners will be availing themselves of their own loches; but that is a matter which may be provided against in the proceeding itself. It would not be just to permit the office of the counsel to the corporation—for which the present incumbent is not, however, .responsible—to defeat the petioners’ application in consequence of informalities originating at its request. Anri it may be said also in reference to loches that the corporation counsel could have expedited, by a proper application to this court, the prosecution and conclusion of the proceedings itself. The petitioners were prompt enough in their movement against the validity of the assessment. The delay does not affect the remedy sought and invoked, but the prosecution of it.
For these reasons it is thought the order appealed from •should be affirmed, but without costs.
Daniels, J., concurs.